REED E. SCHAPER (SBN 082792)
rschaper@hkemploymentlaw.com
DEREK K. ISHIKAWA (SBN 270275)
dishikawa@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION
OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADENIKE JOSEPH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.<br>[State Court Case No. 19STCV16124]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT TO UNDER 28 U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**<br><br>[Filed Concurrently with Civil Coversheet; Certificate of Interested Parties; and Declarations of Derek Ishikawa, Eliana Brown, and Dean Robertson]<br><br>Complaint Filed: May 8, 2019 |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. sections 1441(a), (b) and 1446, Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA ("Defendant" or "VITAS") hereby removes the above-entitled action from the Superior Court of California in and for the County of Los Angeles to the United States District Court for the Central District of California.

## JURISDICTION AND VENUE

1. Defendant asserts that this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper

under 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## PROCEDURAL BACKGROUND

1. On May 8, 2019, Plaintiff Adenike Joseph ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled ADENIKE JOSEPH v. VITAS HEALTHCARE CORPORATION OF CALIFORNIA and DOES 1 through 20, inclusive, Case No. 19STCV16124 ("State Court Action.)

2. On May 9, 2019, Plaintiff served Defendant's agent for service of process a copy of the summons and complaint. A true and correct copy of all process, pleadings, and orders served on Defendant in the State Court Action are attached as Exhibit ("Exh.") A to the Declaration of Derek Ishikawa ("Ishikawa Decl."), ¶ 3.

3. On June 6, 2019, Defendant filed an Answer to Plaintiff's Complaint in the State Court Action in the Superior Court of California, County of Los Angeles. (Ishikawa Decl., ¶ 4, Exh. B).

3. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles. (Ishikawa Decl., ¶ 5, Exh. C).

## DIVERSITY OF CITIZENSHIP

4. Plaintiff's Citizenship. As alleged in the Complaint, Plaintiff is a resident of the County of Los Angeles, California. (Complaint ¶ 2.) For diversity

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (l0th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

  5. VITAS' Citizenship. VITAS is a corporation organized under the laws of the State of Delaware. (Declaration of Dean Robertson ["Robertson Decl."], ¶ 3). Corporations are citizens of: (1) the state in which they are incorporated and (2) the state in which they maintain their "principal place of business." 28 U.S.C. § 1332(c)(1). The U.S. Supreme Court adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." Hertz v. Friend, 130 S. Ct. 1181, 1192 (2010). At the time of the filing of the Complaint in this case and as of today, VITAS maintains its headquarters in Miami, Florida at 201 South Biscayne Boulevard, Suite 400, Miami, Florida 33131. (Robertson Decl., ¶ 4). At the time of the filing of the Complaint in this case and as of today, the large majority of the officers of VITAS resides and works in the surrounding areas near Florida and, when decisions are made about the business of VITAS, such decisions are made by those officers in Miami, Florida. (Id.). As a result, VITAS is a citizen of Delaware and Florida.

  6. Doe Defendants. Although Plaintiff has also named fictitious defendants "DOES 1-20," "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

7. Diversity. Complete diversity of citizenship exists under 28 U.S.C. §§ 1332 inasmuch as Plaintiff is a citizen of the State of California and the only named Defendant, VITAS, is a citizen of the states of Delaware and Florida. There is accordingly complete diversity of citizenship.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000**

8. A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs, even when the plaintiff fails to set forth any specific damage amount. *See, e.g., Cohn v. PetsMart, Inc*., 281 F.3d 837, 839-40 (9th Cir. 2002). Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. *Id*. at 839 (setting forth the "preponderance of the evidence" standard).

9. The State Court Action involves Plaintiff's claims against Defendant for: (1) race discrimination in violation of the Fair Employment & Housing Act ("FEHA"); (2) retaliation in violation FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) retaliation in violation of Labor Code section 1102.5; (5) retaliation in violation of Labor Code section 98.6; (6) retaliation in violation of Health and Safety Code section 1278.5; (7) declaratory relief; and (8) wrongful constructive termination in violation of public policy. Plaintiff alleges that as a result of Defendant's actions, Plaintiff suffered: (1) "general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits," and is entitled to "general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court." (Complaint ¶¶ 22-24.)

10. Plaintiff prays for relief that includes: (1) compensatory damages including lost wages, earnings, commissions, retirement benefits, and other

employee benefits, and all other sums of money, together with interest on these amounts"; (2) "special damages; and for general damages for mental pain and anguish and emotional distress"; (3) punitive damages; (4) attorneys' fees; (5) interest; (6) costs of suit; (7) civil penalties that total no less than $45,000; (8) post-judgment interest; and (9) further relief as the Court deems just and proper. (Complaint, Prayer for Relief, p. 19, ¶¶ 1-10).

11. Calculations. As demonstrated below, the allegations in the Complaint make it more likely than not that the amount in controversy exceeds $75,000. In calculating alleged damages, though Defendant denies that it is liable to Plaintiff in any amount or manner, Defendant has assumed each of Plaintiff's claims would be successful for purposes of calculating the amount in controversy, particularly in light of the fact that the Complaint does not provide more precise calculations. See *Coleman v. Estes Express Lines, Inc.,* 730 F. Supp. 2d 1141, 1149 (C.D. Cal., 2010) ("[C]ourts have assumed a 100% violation rate . . . in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

12. Although Defendant denies that Plaintiff was damaged in any amount, assuming arguendo that Plaintiff prevails at trial, there is a possibility that she will be awarded over $75,000 in damages. There have been, in recent years, several verdicts in discrimination/wrongful termination cases (similar to the claims Plaintiff asserts in the State Court Action) entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. See *Wysinger v. Automobile Club of Southern California*, (2008) 157 Cal. App. 4th 413; *Lopez v. Bimbo Bakeries USA, Inc.,* 2009 WL 1090375; *Dickinson v. Allstate Insurance Company* 2013 WL 1695574.

13. Lost Wages. Pursuant to all eight of her causes of action, Plaintiff alleges that she has suffered and continues to suffer actual damages, including "medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits" and prays for damages to compensate for these

5

alleged losses. (Complaint ¶¶ 22-25, 33, 41; Prayer for Relief, p. 19, ¶¶ 1-10). As detailed in the calculations below, Plaintiff's claims for lost earnings total approximately $101,347.20 ($63,158.40 lost wages + $38,188.80 front pay). At the time of her separation from employment, Plaintiff was classified to work 40 hours per week and was paid an hourly rate of $48.00. (Declaration of Eliana Brown ["Brown Decl."], ¶¶ 2-3). Plaintiff's claim for lost wages from April 17, 2018, her alleged date of separation, (Complaint ¶ 20.), through an estimated trial date of May 8, 2020 (approximately 1 year from the date the State Court Action commenced) would total approximately $205,440 ($48.00 per hour x 40 hours per week x 107 weeks). Plaintiff's front pay, if calculated, for purposes of this analysis only, on a conservative assumption that the Court would award one year of pay in the event liability was found, would total approximately $99,840 ($48.00 per hour x 40 hours per week x 52 weeks). Consequently, Plaintiff's claims for lost earnings total approximately $305,280, well above the $75,000.00 threshold.

14. Emotional Distress Damages. Plaintiff also alleges that "severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments," and prays for damages to compensate for these alleged losses. (Complaint ¶¶ 22, 24, 33, 41; Prayer for Relief, p. 19, No. 1). Emotional distress damages may be considered when calculating the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

15. Punitive and Exemplary Damages. In addition, Plaintiff alleges that Defendant acted with oppression, fraud, malice, and/or conscious disregard of Plaintiff's right, thus subjecting Defendant to punitive damages. (Complaint ¶¶ 17, 26, 34, 42; Prayer for Relief, p. 19, No. 4). In determining the amount in controversy, a court "must consider the amount of actual and punitive damages." *Nasiri v. Allstate Indem. Co.*, 41 Fed. Appx. 76, 77 (9th Cir. 2002); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) (stating that "[i]t is well established that punitive damages are part of the amount in controversy in a civil

action.").

16. Civil Penalties. Here Plaintiff also allegedly seeks civil penalties recoverable on an individual basis under the California Labor and Health and Safety Codes that collectively total at least $45,000. (Complaint ¶¶ 62, 70, 83; Prayer for Relief, p. 19, Nos. 5-7).

17. Attorneys' Fees. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002). Plaintiff has sought attorneys' fees in the Complaint for her second causes of action. (Prayer for Relief, p. 19, No. 8). They should therefore be included in analyzing the amount in controversy and would make it more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Total Amount in Controversy. Based on the discussion above, the amount in controversy based just on alleged compensatory damages (approximately $305,280), emotional distress damages, punitive damages, and attorneys' fees is, more likely than not, in excess of $75,000. Plaintiff's claims collectively make it facially plain that Plaintiff is seeking far more than the minimum amount, exclusive of interest and costs, needed to meet the amount in controversy requirement. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding, by preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages, benefits, 401(k) contributions, value of life insurance policies, stock options, emotional distress damages, and attorney's fees and costs).

## NOTICE OF REMOVAL IS TIMELY

19. Removal of a complaint from state court to federal court must be effected within 30 days from the first date from which it can be ascertained that

federal subject matter jurisdiction exists. *See, e.g.*, 28 U.S.C. § 1446(b). That statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

*Id.* (emphasis added).

20. In this case, the Complaint was served on VITAS on May 9, 2019. Defendant ascertained upon the date of service that this case was removable. Removal of this case to the Federal District Court is therefore appropriate and timely pursuant to 28 U.S.C. section 1446(b). *See, e.g., Hillberry v. Wal-Mart Stores East, L.P.*, 2005 U.S. Dist. LEXIS 15942 (W.D. Ky. Aug. 3, 2005).

## CONCLUSION

21. For all of the foregoing reasons, removal of this case to federal court is proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332(a) and 1441.

Dated: June 7, 2019                                           HIRSCHFELD KRAEMER LLP


By: */s/ Derek K. Ishikawa*
Reed E. Schaper
Derek K. Ishikawa
Attorneys for Defendant
VITAS HEALTHCARE
CORPORATION OF CALIFORNIA

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On June 7, 2019, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO FEDERAL COURT TO UNDER 28 U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On June 7, 2019, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via **email** on this date the document(s) listed above to the email address(es) set forth below.

☐ by submitting an **electronic** version of the document(s) listed above to the court's approved electronic service vendor.

Kaveh S. Elihu, Esq.
Employee Justice Legal Group
3055 Wilshire Boulevard, Suite 1120
Los Angeles, CA 90010
T: (213) 382-2222
F: (213) 382-2230

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on June 7, 2019 at Santa Monica, California.

*Robbin DeRuisé*
Robbin DeRuisé