REED E. SCHAPER (SBN 082792)
rschaper@hkemploymentlaw.com
DEREK K. ISHIKAWA (SBN 270275)
dishikawa@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION
OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ADENIKE JOSEPH,

Plaintiff,

vs.

VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; and DOES 1 through 20, inclusive,

Defendants.

Case No.
[State Court Case No. 19STCV16124]

**DECLARATION OF DEREK ISHIKAWA IN SUPPORT OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**

[Filed Concurrently with Civil Coversheet; Notice of Removal; Certificate of Interested Parties; and Declarations of Dean Robertson and Eliana Brown]

Complaint Filed: May 8, 2019

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# DECLARATION OF DEREK ISHIKAWA

I, Derek Ishikawa, do hereby state and declare as follows:

1. I am an attorney at law duly admitted to practice before the courts of the State of California and before this Court. I am an Associate with the law firm of Hirschfeld Kraemer LLP, and counsel of record for Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA ("Defendant") in the above-captioned matter. The facts set forth in this Declaration are within my own personal knowledge, and if called as a witness, I could and would competently so testify.

2. On or about May 8, 2019, Plaintiff Adenike Joseph ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled ADENIKE JOSEPH v. VITAS HEALTHCARE CORPORATION OF CALIFORNIA and DOES 1 through 20, inclusive, Case No. 19STCV16124 ("State Court Action").

3. On May 9, 2019, Plaintiff served Defendant's agent for service of process a copy of the summons and complaint. A true and correct copy of all process, pleadings, and orders served on Defendant in the State Court Action are attached hereto as Exhibit A.

4. On June 6, 2019, Defendant filed an Answer to Plaintiff's Complaint in the State Court Action in the Superior Court of California, County of Los Angeles. A true and correct copy of Defendant's Answer is attached hereto as Exhibit B.

5. Attached hereto as Exhibit C is a true and correct copy of Defendant's Notice to the State Court of Removal, which is concurrently being filed with the Superior Court of the State of California in and for the County of Los Angeles and is served on Plaintiff, as required under 28 U.S.C. section 1446(d).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Executed this 7th day of June, 2019, in Santa Monica, California.

*/s/ Derek Ishikawa*

Derek Ishikawa

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/08/2019 04:36 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

19STCV16124

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ADENIKE JOSEPH, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. You written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov), *en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org), *en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogado locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte puede desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*
19STCV16124

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kaveh S. Elihu, Esq. (SBN 268249)
EMPLOYEE JUSTICE LEGAL GROUP
3055 Wilshire Boulevard, Suite 1120, Los Angeles, California 90010
Telephone: (213) 382-2222, Facsimile: (213) 382-2230

DATE: 05/08/2019
*(Fecha)*

Clerk, by Sherri R. Carter Executive Officer / Clerk of Court
*(Secretario)* Nancy Alvarez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under:
☐ CCP 416.10 (corporation)
☐ CCP 416.20 (defunct corporation)
☐ CCP 416.40 (association or partnership)
☐ CCP 416.60 (minor)
☐ CCP 416.70 (conservatee)
☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Electronically FILED by Superior Court of California, County of Los Angeles on 05/08/2019 04:36 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

19STCV16124
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Fruin

Kaveh S. Elihu, Esq. (SBN 268249)
**EMPLOYEE JUSTICE LEGAL GROUP**
3055 Wilshire Boulevard, Suite 1120
Los Angeles, California 90010
Telephone: (213) 382-2222
Facsimile: (213) 382-2230

Attorneys for Plaintiff,
ADENIKE JOSEPH

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| ADENIKE JOSEPH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 19STCV16124<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 <u>ET SEQ.</u>;**<br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 <u>ET SEQ.</u>;**<br>3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br>4. **RETALIATION IN VIOLATION OF LABOR CODE §1102.5;**<br>5. **RETALIATION IN VIOLATION OF LABOR CODE §98.6;**<br>6. **RETALIATION IN VIOLATION OF HEALTH AND SAFETY CODE §1278.5;**<br>7. **FOR DECLARATORY JUDGMENT; AND**<br>8. **WRONGFUL CONTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMES NOW PLAINTIFF, MS. ADENIKE JOSEPH,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1. This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2. Plaintiff, ADENIKE JOSEPH (hereinafter referred to as "Plaintiff"), is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA (hereinafter referred to as "VITAS") was and is a Delaware corporation doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes VITAS operates hospice programs specializing in end-of-life care throughout the United States.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through 20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

5. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

6. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

7. On May 10, 2018, Plaintiff filed a complaint under Government Code §§12940, et seq., the California Fair Employment and Housing Act (hereinafter referred to as the "FEHA") with the California Department of Fair Employment and Housing (hereinafter referred to as the "DFEH"), and has satisfied her administrative prerequisites with respect to these and all related filings. As a result, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

## ALTER EGO, AGENCY AND JOINT EMPLOYER

8. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between VITAS and DOES 1 through 20 that the individuality and separateness of Defendants have ceased to exist.

9. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, VITAS and DOES 1 through 20 are, in reality, one and the same as VITAS, including, but not limited to because:

a. VITAS is completely dominated and controlled by DOES 1 through 20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind VITAS to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b. DOES 1 through 20 derive actual and significant monetary benefits by and through VITAS' unlawful conduct, and by using VITAS as the funding source for their own personal expenditures.

c. Plaintiff is informed and believes that VITAS and DOES 1 through 20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d. Plaintiff is informed and believes that VITAS does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. Plaintiff is informed and believes, and based thereon alleges, that the business affairs of VITAS and DOES 1 through 20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. VITAS is, and at all times relevant hereto was, used by DOES 1 through 20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1 through 20. The recognition of the separate existence of VITAS would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Civil Code, Labor Code, and other statutory violations. The corporate existence of VITAS and DOES 1 through 20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

10. Accordingly, VITAS constitutes the alter ego of DOES 1 through 20, and the fiction of their separate corporate existence must be disregarded.

11. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that VITAS and DOES 1 through 20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of VITAS, and DOES 1 through 20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

## **FACTUAL ALLEGATIONS**

12. On or about July 3, 2017, Plaintiff was hired by Defendants as a Register Nurse Supervisor.

13. Plaintiff was a loyal and devoted employee of Defendants and her work performance has been satisfactory and at times above-average. Plaintiff fulfilled, and substantially performed, all of her job duties and all the terms and conditions of employment.

14. On or about September 2017, Plaintiff was told, "You are black and you come across as strong, you need to take it down a notch," by a VITAS human resources employee when Plaintiff complained about a coworker receiving preferential treatment.

15. On or about October 30, 2017, Plaintiff was confronted by VITAS employee Walter Reyes in her office. Walter Reyes was upset with a duty assigned to him by Plaintiff and angrily lunged at her across her desk. Walter Reyes was then forcibly removed from Plaintiff's office. Plaintiff immediately reported the incident to VITAS supervisors Carole Nathanson and Patricia Alba. Plaintiff's wish to file a police report was denied when Carole Nathanson responded, "I would hate to lose a twenty year employee."

16. Thereafter, Plaintiff requested that Walter Reyes be moved to another location due to her fear of working with him. VITAS supervisors' response was to move him to the night shift. Because the night shift crew reported for work around 3:00 p.m. or 4:00 p.m., Plaintiff still saw Walter Reyes on a daily basis.

17. On or about November 8, 2017, Plaintiff made a complaint to VITAS supervisors regarding Autumn Hairston's unprofessional work demeanor including referring to a patient as "the patient with the fat Jewish nose," and commenting on a caregiver being "midnight black" and being scared the aforementioned caregiver as a result. Plaintiff's complaints were never addressed.

18. Throughout Plaintiff's employment with VITAS, Plaintiff made various complaints to VITAS supervisors regarding violations of the law. She reported violations for inadequate staffing, fraudulent medical insurance practices (such as billing patients at a higher rate than necessary), and HIPAA violations (improper storage and filing procedures for patient files).

19. After Plaintiff's repeated complaints mentioned in the preceding paragraph, on or about April 17, 2018, VITAS' supervisors Patricia Alba and Bruce Davis called Plaintiff into a meeting wherein she asked why she was constantly bringing up these issues/complaints and that she needed to "figure out how you want to go on with this organization." Moreover, Bruce Davis threatened Plaintiff that she was going to be written up and that he was putting in that he verbally warned her and told her she needs to figure out whether she was going to stay or not.

20. On or about April 17, 2018, Plaintiff was constructively terminated/forced to quit her job because she no longer felt comfortable working for VITAS.

21. VITAS' conduct described herein was undertaken, authorized, and/or ratified by VITAS' officers and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for VITAS. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of VITAS. VITAS further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

22. As a result of VITAS' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

23. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, and benefits.

24. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

25. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him, Plaintiff requests that punitive damages be levied against VITAS and each of them, in sums in excess of the jurisdictional minimum of this Court.

**FIRST CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST VITAS AND DOES 1 THROUGH 20, INCLUSIVE**

26. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set herein.

27. At all times hereto, the FEHA was in full force and effect and was binding upon defendants and each of them.

28. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA

29. FEHA requires defendants to refrain from discriminating against an employee on the basis of her color, engagement in protected activities, race and to prevent discrimination on the basis of the aforementioned protected classes from occurring.

30. Plaintiff was a member of multiple protected classes as a Black employee engaged in a protected activity.

31. At all times relevant hereto, Plaintiff was performing competently in the position she held with defendants.

32. Plaintiff suffered the adverse employment actions of discrimination, retaliation, denied a work environment free of discrimination and/or retaliation, reprimanded, terminated and was harmed thereby.

33. Plaintiff is informed and believes that her color, engagement in protected activities, race and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

34. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

35. The damage allegations above, inclusive, are herein incorporated by reference.

36. The foregoing conduct of defendants individually, or by and through their managing agents, was intended by the defendants to cause injury to the Plaintiff or was despicable conduct carried on by the defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of defendants.

37. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SECOND CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST VITAS AND DOES 1 THROUGH 20, INCLUSIVE**

38. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set herein.

39. At all times hereto, the FEHA was in full force and effect and was binding upon defendants and each of them.

40. These laws set forth in the preceding paragraph require defendants to refrain from retaliating against an employee for engaging in protected activity.

41. Plaintiff engaged in the protected activities of complaining about and protesting defendants' discriminatory and retaliatory conduct towards Plaintiff based upon her color, engagement in protected activities, race and including but not limited to Plaintiff reporting discriminatory conduct and requesting an investigation to VITAS.

42. Plaintiff suffered the adverse employment actions of discrimination, retaliation, denied a work environment free of discrimination and/or retaliation, reprimanded, terminated and was harmed thereby.

43. Plaintiff is informed and believes that her exercise of her right to complain and protest defendants' discriminatory and retaliatory conduct were motivating reasons and/or factors in the decisions to subject her to the aforementioned adverse employment actions.

44. Defendants violated the FEHA by retaliating against Plaintiff and constructively terminating her for attempting to exercise her protected rights, as set forth hereinabove.

45. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

46. The above said acts of defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

47. The damage allegations above, inclusive, are herein incorporated by reference.

48. The foregoing conduct of defendants individually, or by and through their managing agents, was intended by the defendants to cause injury to the Plaintiff or was despicable conduct carried on by the defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of defendants.

49. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION
## BY PLAINTIFF
## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION
## IN VIOLATION OF GOV'T CODE §12940(k)
## AGAINST VITAS AND DOES 1 THROUGH 20, INCLUSIVE

50. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set herein.

51. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon defendants. This subsection imposes a duty on employers to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. As alleged above, VITAS violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

52. The above said acts of defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

53. The damage allegations above, inclusive, are herein incorporated by reference.

54. The foregoing conduct of defendants individually, or by and through their managing agents, was intended by the defendants to cause injury to the Plaintiff or was despicable conduct carried on by the defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of defendants.

55. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR RETALIATION IN VIOLATION OF LABOR CODE §1102.5**

**AGAINST VITAS AND DOES 1 THROUGH 20, INCLUSIVE**

56. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set herein.

57. At all relevant times, the Labor Code §1102.5 was in full force and effect and was binding upon Defendants and each of them. Labor Code §1102.5 provides that "an employer, or any person acting on behalf of the employer, shall not retaliate against an

employee for disclosing information […] to a person with authority over the employee […] who has the authority to investigate, discover, or correct the violation."

58. As set forth above, Plaintiff disclosed to her supervisor(s) and complained about Defendants' violations of State law, including but not limited to violations of California Code of Regulations, Health and Safety Code, Welfare and Institutions Code, HIPAA and/or other statutes governing the provision of in home health/hospice care, and acts omissions that could potentially subject Defendants to claims of insurance fraud.

59. Plaintiff is informed and believes, and thereon alleges that as a direct and proximate result of her reporting what she had reasonable cause to believe were violations of State law, Defendants retaliated against her and constructively terminated Plaintiff's employment.

60. Said conduct violates Labor Code §1102.5, and such violations were a proximate cause in Plaintiff's damage as stated below.

61. The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

62. In addition to all other remedies available to Plaintiff, Plaintiff is entitled to a civil penalty of $10,000.00 pursuant to Labor Code §1102.5(f), for Defendant's violation of Labor Code §1102.5.

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR RETALIATION IN VIOLATION OF LABOR CODE §98.6**

**AGAINST VITAS AND DOES 1 THROUGH 20, INCLUSIVE**

63. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set herein.

64. At all times hereto, Labor Code §98.6 was in full force and effect, and was binding upon Defendants. These laws prohibit an employer from discharging an employee or in any manner discriminating, retaliating, or taking any adverse action against any employee

because, among other things, of the exercise by the employee on behalf of herself of rights afforded to her.

65. As set forth above, Plaintiff disclosed to her supervisor(s) and complained about Defendants' violations of State law, including but not limited to violations of California Code of Regulations, Health and Safety Code, Welfare and Institutions Code, HIPAA and/or other statutes governing the provision of in home health/hospice care, and acts omissions that could potentially subject Defendants to claims of insurance fraud.

66. Plaintiff is informed and believes, and thereon alleges that as a direct and proximate result of her reporting what she had reasonable cause to believe were violations of State law, Defendants retaliated against her and constructively terminated Plaintiff's employment.

67. Said conduct violates Labor Code §98.6, and such violations were a proximate cause in Plaintiff's damage as stated below.

68. The damage allegations above, inclusive, are herein incorporated by reference.

69. The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

70. In addition to all other remedies available to Plaintiff, Plaintiff is entitled to a civil penalty of $10,000.00 pursuant to Labor Code §98.6(b)(3), for Defendant's violation of Labor Code §98.6.

71. Pursuant to Labor Code §1194, Plaintiff requests a reasonable award of attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR RETALIATION IN VIOLATION OF HEALTH AND SAFETY CODE §1278.5**

**AGAINST VITAS AND DOES 1 THROUGH 20, INCLUSIVE**

72. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set herein.

73. At all times relevant hereto, Health and Safety Code section 1278.5 was in full force and effect and was binding upon Defendants and each of them.

74. Health and Safety Code section 1278.5 requires VITAS to refrain from retaliating against an employee for engaging in protected activity.

75. Plaintiff engaged in the protected activity of complaining to VITAS regarding fraudulent medical insurance practices and HIPAA violations.

76. Plaintiff suffered the adverse employment action of discrimination, retaliation, denied a work environment free of discrimination and/or retaliation, reprimanded, constructively terminated, and was harmed thereby.

77. Plaintiff is informed and believes that her act of complaining to VITAS regarding a health and safety issue in the care of a patient was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

78. VITAS violated Health and Safety Code section 1278.5 by retaliating against Plaintiff for exercising her protected rights, as set forth hereinabove.

79. Plaintiff is informed and believes, and based thereon alleges, that the above act of retaliation committed by VITAS was done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

80. The above said acts of VITAS constitute violations of the Health and Safety Code section 1278.5, and were a proximate cause in Plaintiff's damage as stated below.

81. The damage allegations above, inclusive, are herein incorporated by reference.

82. The foregoing conduct of VITAS individually, or by and through their managing agents, was intended by VITAS to cause injury to the Plaintiff or was despicable conduct carried on by VITAS with a willful and conscious disregard of the rights of Plaintiff or

subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of VITAS.

83. Pursuant to Health and Safety Code section 1278.5, VITAS is liable for a civil penalty of $25,000.00.

**SEVENTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR DECLARATORY JUDGMENT**

**AGAINST EMPLOYER AND DOES 1 THROUGH 20, INCLUSIVE**

84. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set herein.

85. Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.
>
> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.
>
> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.
>
> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

86. Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

87. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

88. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate or retaliate against Plaintiff; that Plaintiff was not constructively terminated as a result of her ancestry, color, engagement in protected activities race, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against her on the basis of her ancestry, color, engagement in protected activities, race, and/or some combination of these protected characteristics; and that she was ultimately wrongfully constructively terminated as a result of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

89. Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of her rights and duties, and a declaration that Defendants discriminated against her on the basis of her ancestry, color, engagement in protected activities, race and/or some combination of these protected characteristics.

90. Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of her rights and duties, and a declaration that her ancestry, color, engagement in

protected activities, race, and/or some combination of these protected characteristics was a substantial motivating factor in the decisions to subject her to the aforementioned adverse employment actions.

91. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for herself and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

92. A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

93. Government Code §12965(b) provides that an aggrieved party, such as Plaintiff herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

## EIGHTH CAUSE OF ACTION
## BY PLAINTIFF
## FOR WRONGFUL CONSTRUCTIVE TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST VITAS AND DOES 1 THROUGH 20, INCLUSIVE

94. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set herein.

95. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of color, engagement in protected activities and race.

96. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of color, engagement in protected activities, race and from retaliating against any employee who engages in protected activity.

97. At all times mentioned in this complaint, Article I, Section 8 of the California Constitution was in full force and effect and binding on Defendants. This law requires Defendants to refrain from disqualifying a person from pursuing employment on the basis race, color, or ethnic origin.

98. At all times relevant hereto, Health and Safety Code section 1278.5 and Business and Professions Code sections 510 and 2056 were in full force and effect and were binding upon VITAS and each of them. These Code sections each requires VITAS to refrain from retaliating against an employee for complaining about fraudulent medical insurance practices and HIPAA violations.

99. At all times mentioned in this complaint, it was a fundamental policy of the State of California that VITAS cannot retaliate against any employee for complaining about fraudulent medical insurance practices and HIPAA violations.

100. At all relevant times mentioned in this complaint, Labor Code §§923, 6310, and 6400, et seq., were in full force and effect and were binding on Defendants.

101. Labor Code §6310 declares, in pertinent part, that no person shall discharge, or in any manner discriminate against an employee, because the employee has made any oral or written complaint to her employer with reference to employee safety or health. The public policy underlying Labor Code §6310 is not merely to aid the reporting of actual safety violations; it is to prevent retaliation against those who in good faith report working conditions they believe to be unsafe.

102. Labor Code §§6400, et seq., require that every employer shall furnish employment and a place of employment that is safe and healthful for employees.

103. When read together, the foregoing statutes establish a fundamental public policy of the State of California requiring employers to provide a safe and secure workplace, including

a requirement that an employer take reasonable steps to address credible threats of violence in the workplace.

104. Plaintiff believes and thereon alleges that her color, engagement in protected activities (including, but not limited to, complaining about fraudulent medical insurance practices, HIPAA violations and discriminatory conduct), race and/or some combination thereof were factors in Defendants' conduct as alleged hereinabove.

105. Plaintiff believes and thereon alleges that her complaints regarding the safety and health of the place of employment furnished by VITAS were factors in Defendants' decision to retaliate against Plaintiff by refusing to investigate Plaintiff's complaints of discrimination, by failing to prevent discrimination and retaliation, and by constructively terminating Plaintiff, as alleged hereinabove.

106. Such discrimination and retaliation, resulting in the wrongful constructive termination of Plaintiff's employment on the basis of color, engagement in protected activities, race, Plaintiff's complaining of discrimination due to these protected classes and her complaints regarding fraudulent medical insurance practices and HIPAA violations and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

107. Such discrimination and retaliation against Plaintiff who, in good faith, reported working conditions she believed to be unsafe were a proximate cause in Plaintiff's damages as stated below.

108. The above said acts of Defendants constitute violations of the Health and Safety Code, the Business and Professions Code, Government Code, Labor Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and constructively terminating her employment in retaliation for exercise of protected rights.

109. The damage allegations of Paragraphs above, inclusive, are herein incorporated by reference.

110. The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against VITAS and DOES 1 through 20, each of them, in an amount according to proof, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress;
2. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;
3. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future and reinstating Plaintiff to her position;
4. For punitive damages, pursuant to Civil Code §3294 in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;
5. For a civil penalty pursuant to Labor Code §1102.5(f), for no less than of $10,000.00;
6. For a civil penalty pursuant to Labor Code §98.6(b)(3) of $10,000.00;
7. For a civil penalty pursuant to Health and Safety Code §1278.5 of $25,000.00;
8. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, the Labor Code, the Civil Code, and/or any other basis;
9. For post-judgment interest; and
10. For any other relief that is just, proper, and herein pleaded.

DATED: May 8, 2019

**EMPLOYEE JUSTICE LEGAL GROUP**

By: ______________________
Kaveh S. Elihu, Esq.
Attorneys for Plaintiff

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff demands trial of all issues by jury.

DATED: May 8, 2019

**EMPLOYEE JUSTICE LEGAL GROUP**

By: ______________________
Kaveh S. Elihu, Esq.
Attorneys for Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 05/08/2019 04:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Kaveh S. Elihu, Esq. (SBN 268249)
Employee Justice Legal Group
3055 Wilshire Boulevard, Suite 1120
Los Angeles, California 90010
TELEPHONE NO.:(213) 382-2222 FAX NO.:(213) 382-2230
ATTORNEY FOR *(Name)*: Adenike Joseph

*FOR COURT USE ONLY*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Joseph v. Vitas Healthcare Corporation of California

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 19STCV16124 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1-6 below must be completed (see *instructions* on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial post judgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Eight (8)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: May 8, 2019
Kaveh S. Elihu, Esq.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)-Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice-Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach-Seller Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case-Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quite Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ-Administrative Mandamus
  - Writ-Mandamus on Limited Court Case Matter
  - Writ-Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgement (Out of County)
  - Confession of Judgement (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief for Late Claim
  - Other Civil Petition

| SHORT TITLE: Joseph v. Vitas Healthcare Corporation of California | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Joseph v. Vitas Healthcare Corporation of California | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☑ A6037 Wrongful Termination | 1, (2), 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Joseph v. Vitas Healthcare Corporation of California | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: Joseph v. Vitas Healthcare Corporation of California | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 3055 Wilshire Boulevard |
|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 8, 2019

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 06/06/2019 11:20 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. So,Deputy Clerk

REED E. SCHAPER (SBN 082792)
rschaper@hkemploymentlaw.com
DEREK K. ISHIKAWA (SBN 270275)
dishikawa@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| ADENIKE JOSEPH,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 19STCV16124<br><br>**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: May 8, 2019 |

Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA ("Defendant"), hereby answers Plaintiff ADENIKE JOSEPH'S ("Plaintiff") Complaint for Damages ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation contained in the Complaint. Defendant further denies that Plaintiff has been damaged in any sum or amount whatsoever, and deny that Plaintiff is entitled to any damages, punitive or otherwise, in any sum or amount whatsoever.

Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The Complaint, and each cause of action set forth therein, fails to state facts sufficient to constitute any cause of action, or to set forth a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Unclean Hands and Laches)**

2. The Complaint, and each cause of action set forth therein, is barred in that Plaintiff, by reason of her conduct and actions, is barred by the doctrines of estoppel, unclean hands, waiver and/or laches from asserting the claims set forth therein.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3. The Complaint, and each cause of action set forth therein, is barred in that Plaintiff has failed to exhaust her administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

4. The Complaint, and each cause of action set forth therein, is barred in whole or in part by applicable statutes of limitations, including but not limited to California Code of Civil Procedure §340 and California Government Code §12960.

**FIFTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

5. To the extent that Plaintiff's Complaint alleges emotional or physical injury, any recovery is barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith/Justification and Legitimate Business Necessity)**

6. Plaintiff's claims are barred, in whole or in part, because all decisions relating to Plaintiff's conduct were undertaken in good faith and without malice, were a just and proper

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

exercise of management discretion, and were based on legitimate, non-discriminatory interest in running an undergraduate campus, and were therefore privileged and/or done out of business necessity.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences and Failure to Use Preventative Opportunities)**

7. Plaintiff's claims are barred, and/or her damages are limited, because Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or take reasonable precautions to avoid the purported harm alleged.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

8. Plaintiff has failed to mitigate damages and, to the extent of such failure, any damages awarded to Plaintiff should be reduced accordingly.

**NINTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

9. Plaintiff's claim for punitive damages is barred because she has failed to plead facts sufficient to support allegations of malice, oppression or fraud, or of any ratification of any such acts by Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(After Acquired Evidence Doctrine)**

10. As an affirmative defense to each of Plaintiff's Causes of Action, Defendant avers that the claims, in whole or in part, are barred by the doctrine of after-acquired evidence.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Right to Raise Additional Defenses)**

11. The Complaint fails to state the bases of the underlying claims made against Defendant with sufficient particularity so as to enable Defendant to determine all of its defenses thereto. Therefore, Defendant reserves the right to assert all applicable defenses to the Complaint once the specific bases of such claims are determined through discovery or otherwise.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by her Complaint and that judgment be entered in favor of Defendant on each and every one of Plaintiff's causes of action;

2. That Defendant be awarded its costs of suit incurred herein;

3. That Defendant be awarded its reasonable attorneys' fees; and

4. For such other and further relief as this Court deems just and proper.

Dated: June 6, 2019

HIRSCHFELD KRAEMER LLP

By: [signature]
Reed E. Schaper
Derek K. Ishikawa
Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On June 6, 2019, I served the following document(s) by the method indicated below:

**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S ANSWER TO COMPLAINT**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On June 6, 2019, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via **email** on this date the document(s) listed above to the email address(es) set forth below.

☐ by submitting an **electronic** version of the document(s) listed above to the court's approved electronic service vendor.

Kaveh S. Elihu, Esq.
Employee Justice Legal Group
3055 Wilshire Boulevard, Suite 1120
Los Angeles, CA 90010
T: (213) 382-2222
F: (213) 382-2230

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 6, 2019, at Santa Monica, California.

Patricia Dragotta

*Patricia Dragotta*

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# EXHIBIT C

REED E. SCHAPER (SBN 082792)
rschaper@hkemploymentlaw.com
DEREK K. ISHIKAWA (SBN 270275)
dishikawa@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| ADENIKE JOSEPH,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 19STCV16124<br><br>**NOTICE TO STATE COURT RE REMOVAL TO FEDERAL COURT**<br><br>Complaint Filed: May 8, 2019 |

TO THE COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA, in the above-captioned matter, has filed a NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT, pursuant to 28 U.S.C. sections 1441(a), (b) and 1446, in the United States District Court for the Central District of California, thereby removing the above-captioned matter to said court.

//

//

//

//

A copy of the Notice of Removal to Federal Court is attached hereto as Exhibit A.

Dated: June 7, 2019

HIRSCHFELD KRAEMER LLP

By: */s/ Derek Ishikawa*

Reed E. Schaper
Derek K. Ishikawa
Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# EXHIBIT A
# TO NOTICE TO STATE COURT

REED E. SCHAPER (SBN 082792)
rschaper@hkemploymentlaw.com
DEREK K. ISHIKAWA (SBN 270275)
dishikawa@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION
OF CALIFORNIA



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADENIKE JOSEPH,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br>[State Court Case No. 19STCV16124]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT TO UNDER 28 U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**<br><br>[Filed Concurrently with Civil Coversheet; Certificate of Interested Parties; and Declarations of Derek Ishikawa, Eliana Brown, and Dean Robertson]<br><br>Complaint Filed: May 8, 2019 |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. sections 1441(a), (b) and 1446, Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA (“Defendant” or “VITAS”) hereby removes the above-entitled action from the Superior Court of California in and for the County of Los Angeles to the United States District Court for the Central District of California.

**JURISDICTION AND VENUE**

1. Defendant asserts that this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper

under 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## PROCEDURAL BACKGROUND

1. On May 8, 2019, Plaintiff Adenike Joseph ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled ADENIKE JOSEPH v. VITAS HEALTHCARE CORPORATION OF CALIFORNIA and DOES 1 through 20, inclusive, Case No. 19STCV16124 ("State Court Action.)

2. On May 9, 2019, Plaintiff served Defendant's agent for service of process a copy of the summons and complaint. A true and correct copy of all process, pleadings, and orders served on Defendant in the State Court Action are attached as Exhibit ("Exh.") A to the Declaration of Derek Ishikawa ("Ishikawa Decl."), ¶ 3.

3. On June 6, 2019, Defendant filed an Answer to Plaintiff's Complaint in the State Court Action in the Superior Court of California, County of Los Angeles. (Ishikawa Decl., ¶ 4, Exh. B).

3. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles. (Ishikawa Decl., ¶ 5, Exh. C).

## DIVERSITY OF CITIZENSHIP

4. Plaintiff's Citizenship. As alleged in the Complaint, Plaintiff is a resident of the County of Los Angeles, California. (Complaint ¶ 2.) For diversity

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (l0th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

5. VITAS' Citizenship. VITAS is a corporation organized under the laws of the State of Delaware. (Declaration of Dean Robertson ["Robertson Decl."], ¶ 3). Corporations are citizens of: (1) the state in which they are incorporated and (2) the state in which they maintain their "principal place of business." 28 U.S.C. § 1332(c)(1). The U.S. Supreme Court adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." Hertz v. Friend, 130 S. Ct. 1181, 1192 (2010). At the time of the filing of the Complaint in this case and as of today, VITAS maintains its headquarters in Miami, Florida at 201 South Biscayne Boulevard, Suite 400, Miami, Florida 33131. (Robertson Decl., ¶ 4). At the time of the filing of the Complaint in this case and as of today, the large majority of the officers of VITAS resides and works in the surrounding areas near Florida and, when decisions are made about the business of VITAS, such decisions are made by those officers in Miami, Florida. (Id.). As a result, VITAS is a citizen of Delaware and Florida.

6. Doe Defendants. Although Plaintiff has also named fictitious defendants "DOES 1-20," "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

7. Diversity. Complete diversity of citizenship exists under 28 U.S.C. §§ 1332 inasmuch as Plaintiff is a citizen of the State of California and the only named Defendant, VITAS, is a citizen of the states of Delaware and Florida. There is accordingly complete diversity of citizenship.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000**

8. A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs, even when the plaintiff fails to set forth any specific damage amount. *See, e.g., Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. *Id*. at 839 (setting forth the "preponderance of the evidence" standard).

9. The State Court Action involves Plaintiff's claims against Defendant for: (1) race discrimination in violation of the Fair Employment & Housing Act ("FEHA"); (2) retaliation in violation FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) retaliation in violation of Labor Code section 1102.5; (5) retaliation in violation of Labor Code section 98.6; (6) retaliation in violation of Health and Safety Code section 1278.5; (7) declaratory relief; and (8) wrongful constructive termination in violation of public policy. Plaintiff alleges that as a result of Defendant's actions, Plaintiff suffered: (1) "general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits," and is entitled to "general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court." (Complaint ¶¶ 22-24.)

10. Plaintiff prays for relief that includes: (1) compensatory damages including lost wages, earnings, commissions, retirement benefits, and other

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

employee benefits, and all other sums of money, together with interest on these amounts"; (2) "special damages; and for general damages for mental pain and anguish and emotional distress"; (3) punitive damages; (4) attorneys' fees; (5) interest; (6) costs of suit; (7) civil penalties that total no less than $45,000; (8) post-judgment interest; and (9) further relief as the Court deems just and proper. (Complaint, Prayer for Relief, p. 19, ¶¶ 1-10).

11. Calculations. As demonstrated below, the allegations in the Complaint make it more likely than not that the amount in controversy exceeds $75,000. In calculating alleged damages, though Defendant denies that it is liable to Plaintiff in any amount or manner, Defendant has assumed each of Plaintiff's claims would be successful for purposes of calculating the amount in controversy, particularly in light of the fact that the Complaint does not provide more precise calculations. See *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal., 2010) ("[C]ourts have assumed a 100% violation rate . . . in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

12. Although Defendant denies that Plaintiff was damaged in any amount, assuming arguendo that Plaintiff prevails at trial, there is a possibility that she will be awarded over $75,000 in damages. There have been, in recent years, several verdicts in discrimination/wrongful termination cases (similar to the claims Plaintiff asserts in the State Court Action) entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Wysinger v. Automobile Club of Southern California*, (2008) 157 Cal. App. 4th 413; *Lopez v. Bimbo Bakeries USA, Inc.*, 2009 WL 1090375; *Dickinson v. Allstate Insurance Company* 2013 WL 1695574.

13. Lost Wages. Pursuant to all eight of her causes of action, Plaintiff alleges that she has suffered and continues to suffer actual damages, including "medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits" and prays for damages to compensate for these





HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

alleged losses. (Complaint ¶¶ 22-25, 33, 41; Prayer for Relief, p. 19, ¶¶ 1-10). As detailed in the calculations below, Plaintiff's claims for lost earnings total approximately $101,347.20 ($63,158.40 lost wages + $38,188.80 front pay). At the time of her separation from employment, Plaintiff was classified to work 40 hours per week and was paid an hourly rate of $48.00. (Declaration of Eliana Brown ["Brown Decl."], ¶¶ 2-3). Plaintiff's claim for lost wages from April 17, 2018, her alleged date of separation, (Complaint ¶ 20.), through an estimated trial date of May 8, 2020 (approximately 1 year from the date the State Court Action commenced) would total approximately $205,440 ($48.00 per hour x 40 hours per week x 107 weeks). Plaintiff's front pay, if calculated, for purposes of this analysis only, on a conservative assumption that the Court would award one year of pay in the event liability was found, would total approximately $99,840 ($48.00 per hour x 40 hours per week x 52 weeks). Consequently, Plaintiff's claims for lost earnings total approximately $305,280, well above the $75,000.00 threshold.

14. Emotional Distress Damages. Plaintiff also alleges that "severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments," and prays for damages to compensate for these alleged losses. (Complaint ¶¶ 22, 24, 33, 41; Prayer for Relief, p. 19, No. 1). Emotional distress damages may be considered when calculating the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

15. Punitive and Exemplary Damages. In addition, Plaintiff alleges that Defendant acted with oppression, fraud, malice, and/or conscious disregard of Plaintiff's right, thus subjecting Defendant to punitive damages. (Complaint ¶¶ 17, 26, 34, 42; Prayer for Relief, p. 19, No. 4). In determining the amount in controversy, a court "must consider the amount of actual and punitive damages." *Nasiri v. Allstate Indem. Co.*, 41 Fed. Appx. 76, 77 (9th Cir. 2002); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) (stating that "[i]t is well established that punitive damages are part of the amount in controversy in a civil





HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

action.”).

16. Civil Penalties. Here Plaintiff also allegedly seeks civil penalties recoverable on an individual basis under the California Labor and Health and Safety Codes that collectively total at least $45,000. (Complaint ¶¶ 62, 70, 83; Prayer for Relief, p. 19, Nos. 5-7).

17. Attorneys’ Fees. When the underlying substantive law provides for the award of attorneys’ fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys’ fees when analyzing disputes over the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002). Plaintiff has sought attorneys’ fees in the Complaint for her second causes of action. (Prayer for Relief, p. 19, No. 8). They should therefore be included in analyzing the amount in controversy and would make it more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Total Amount in Controversy. Based on the discussion above, the amount in controversy based just on alleged compensatory damages (approximately $305,280), emotional distress damages, punitive damages, and attorneys’ fees is, more likely than not, in excess of $75,000. Plaintiff’s claims collectively make it facially plain that Plaintiff is seeking far more than the minimum amount, exclusive of interest and costs, needed to meet the amount in controversy requirement. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding, by preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages, benefits, 401(k) contributions, value of life insurance policies, stock options, emotional distress damages, and attorney’s fees and costs).

**<u>NOTICE OF REMOVAL IS TIMELY</u>**

19. Removal of a complaint from state court to federal court must be effected within 30 days from the first date from which it can be ascertained that

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

federal subject matter jurisdiction exists. *See, e.g.*, 28 U.S.C. § 1446(b). That statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

*Id.* (emphasis added).

20. In this case, the Complaint was served on VITAS on May 9, 2019. Defendant ascertained upon the date of service that this case was removable. Removal of this case to the Federal District Court is therefore appropriate and timely pursuant to 28 U.S.C. section 1446(b). *See, e.g., Hillberry v. Wal-Mart Stores East, L.P.*, 2005 U.S. Dist. LEXIS 15942 (W.D. Ky. Aug. 3, 2005).

**CONCLUSION**

21. For all of the foregoing reasons, removal of this case to federal court is proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332(a) and 1441.

Dated: June 7, 2019 HIRSCHFELD KRAEMER LLP

By: */s/ Derek K. Ishikawa*
Reed E. Schaper
Derek K. Ishikawa
Attorneys for Defendant
VITAS HEALTHCARE
CORPORATION OF CALIFORNIA

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On June 7, 2019, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO FEDERAL COURT TO UNDER 28 U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On June 7, 2019, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via **email** on this date the document(s) listed above to the email address(es) set forth below.

☐ by submitting an **electronic** version of the document(s) listed above to the court's approved electronic service vendor.

Kaveh S. Elihu, Esq.
Employee Justice Legal Group
3055 Wilshire Boulevard, Suite 1120
Los Angeles, CA 90010
T: (213) 382-2222
F: (213) 382-2230

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on June 7, 2019 at Santa Monica, California.

Robbin DeRuisé

Robbin DeRuisé

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On June 7, 2019, I served the following document(s) by the method indicated below:

**DECLARATION OF DEREK ISHIKAWA IN SUPPORT OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On June 7, 2019, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via **email** on this date the document(s) listed above to the email address(es) set forth below.

☐ by submitting an **electronic** version of the document(s) listed above to the court's approved electronic service vendor.

Kaveh S. Elihu, Esq.
Employee Justice Legal Group
3055 Wilshire Boulevard, Suite 1120
Los Angeles, CA 90010
T: (213) 382-2222
F: (213) 382-2230

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on June 7, 2019 at Santa Monica, California.

Robbin DeRuisé

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA