JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADENIKE JOSEPH, an individual<br><br>Plaintiff,<br><br>v.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04987-AB (GJSx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

**I.   INTRODUCTION**

Pending before the Court is Plaintiff Adenike Joseph's ("Plaintiff") Motion to Remand. ("Motion," Dkt. No. 7). Defendants VITAS Healthcare Corporation of California ("Defendant") filed an opposition, and Plaintiff filed a reply. (Dkt. Nos. 9, 12.) For the reasons set forth below the Court **GRANTS** Plaintiff's Motion.

**II.  BACKGROUND**

Plaintiff filed the Complaint in this action in Los Angeles County Superior Court and Defendant removed it on the basis of diversity jurisdiction. *See* Notice of Removal (Dkt. No. 1), Compl. (Dkt. No. 1-3). The Complaint asserts eight state claims arising out of alleged racial discrimination, retaliation, wrongful termination and related wrongdoing that Plaintiff experienced while employed as a Registered

1.

Nurse Supervisor at VITAS Healthcare of California, a hospice care provider, from about July 3, 2017 to about April 17, 2018. *See* Compl. ¶ 12.

Plaintiff alleges several instances of discrimination starting on or about September 2017 when a racist comment was directed at her by a VITAS human resources employee. *See* Compl. ¶ 14. Plaintiff alleges several additional instances of discrimination/retaliation, and asserts she was eventually terminated because "she no longer felt comfortable working for VITAS." Compl. ¶ 20.

Plaintiff now seeks to remand the case back to state court. Plaintiff argues that Defendant has not established that its principal place of business is not California—a fact necessary to establish diversity of citizenship between the parties. Plaintiff further argues that she directed all of her complaints to supervisors and managers of VITAS Healthcare of California and the Human Resources Department was located in the Encino Office in California. Plaintiff had no contact with any supervisors, directors or human resources staff outside of California.

### III. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Gaus v. Miles, Inc.,* 980 F.2d. 564, 566-67 (9th Cir. 1992).

For an action based on diversity of citizenship, the parties must be citizens of different states and involves an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). A corporation is a citizen of both (1) the State where it is incorporated, and (2) the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As a rule, the parent company and its subsidiary are treated as distinct entities. Thus, in a suit involving a subsidiary, the Court will look to the state of incorporation and principal place of business of the subsidiary, and not its parent. *Danjaq, S.A. v. Pathe Communications Corp.,* 979 F.2d 772, 775 (9th Cir. 1992).

The Supreme Court in *Hertz Corp. v. Friend* adopted the "nerve center" test to determine where the principal place of business is located. "Principal place of business" means "the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities" or "the nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). The Court added that a corporation's "nerve center" usually will be the corporation's headquarters. *Id*. However, the nerve center is the headquarters provided that the headquarters is "the actual center of direction, control and coordination… and not simply an office where the corporation holds its board meetings." *Id*. The Court further clarifies that jurisdictional manipulation will not be tolerated. The Court stated that if the alleged nerve center turns out to be "nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat – the court should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation." *Id*.

The burden for establishing diversity of jurisdiction remains with the Defendant. *Hertz*., at 96. "Competent proof" must be provided to support their allegations. "[T]he mere filling of a form" for example, "the Securities and Exchange Commission's Form 10-K listing a corporation's principal executive offices without more would not be sufficient proof to establish a corporation's nerve center." *Id.* at 97.

## IV. DISCUSSION

In this case, it is undisputed that Plaintiff is a citizen of California and that VITAS Healthcare of California is incorporated in Delaware. But the parties disagree on where Defendant's principal place of business is located. Plaintiff argues that Defendant's principal place of business is in California – not where its headquarters is located. (Mot. 1:9-12). Defendant claims that its principal place of business is the headquarters in Miami, Florida, and that its office in Encino, California is merely an administrative office. (Opp'n. 5:8-9).

Although Defendant has the burden of proving diversity of jurisdiction as the party asserting federal jurisdiction, the only evidence it has put forward is a
3.

declaration of Dean Robertson, the Assistant Vice President, Senior Corporate Counsel of VITAS Healthcare Corporation and a 10-K form for Chemed Corporation. *See* Robertson Decl. (Dkt. No. 9-1) and Exh. D thereto.

The Robertson Declaration falls short for several reasons. First, the Declaration does not clearly establish a foundation for Robertson's claimed knowledge about Defendant. The declaration states that Robertson is an Assistant Vice President, Senior Corporate Counsel of VITAS Healthcare Corporation (Robertson Decl., ¶ 4), but this is not the same entity as Defendant, which is VITAS Healthcare Corporation of California, and the Declaration does not explain what the legal relationship between these entities is. Thus, Robertson has not asserted any foundation for knowing about Defendant.

Second, the contents of the Declaration do not establish that Defendant's principal place of business is in Florida. Robertson states that the Defendant's headquarters are located in Miami, Florida. (*Id.*) This statement alone is not sufficient to prove that the Defendant's headquarters are also its principal place of business. And, Robertson's additional assertions are conclusory and unsubstantiated so they are insufficient to establish that Defendant's principal place of business is in Miami. In particular, Robertson states that a "large majority of the officers of Defendant live and work in Miami, Florida," *id.*, but this lacks foundation and Robertson has not provided an exact number of officers, their identities, their locations, nor their positions within VITAS Healthcare Corporation of California – facts needed to substantiate this claim. Similarly, Robertson's conclusory statement that management decisions take place in Miami, Florida is not substantiated. Furthermore, the Declaration does not prove that the Defendant's principal place of business is where the headquarters are located. The Supreme Court has emphasized that a corporation's headquarters will not always be the "nerve center." Rather, the headquarters is the "nerve center" only if it is where the high-level officials "direct, control and coordinate the corporation's activities." *Hertz.* at 78. Here, the Robertson Declaration does not establish this.

1    Third, Robertson refers to a form 10-K which he claims shows that Defendant's
2    headquarters are in Miami, Florida. (Robertson Decl. ¶ 5, Ex. D. ) The Declaration
3    specifically directs attention to pages 24 and 25 of the Form 10-K as indicating
4    Defendant's headquarters, but there is no such information on those pages.
5    Furthermore, the form 10-K does not belong to the Defendant, it belongs to Chemed
6    Corporation. There is no explanation or breakdown on the corporate relationship
7    between Chemed Corporation and the Defendant. But assuming that Chemed
8    Corporation is the parent company of the Defendant, and even if he !0-K did reflect
9    *Chemed's* principal place of business, this does not establish *Defendant's* principal
10   place of business. Similarly, Robertson states that the California Secretary of State
11   website shows that Defendant's headquarters are in Miami, but the website merely
12   shows that Defendant's address is in Miami, *see* Robertson Decl. ¶ 5, Ex. C, and an
13   address is not equivalent to a principal place of business. Thus neither pages 24 and 25
14   of Chemed's 10-K form nor the webpage from the Secretary of State provide further
15   clarity on the issue at hand.

16   Defendant's evidence is aimed at showing that its headquarters is in Miami,
17   Florida, instead of proving that the officers "direct, control and coordinate" the
18   Defendant's activities from their headquarters in Florida. Not only is a self-serving
19   declaration without corroborating evidence insufficient, *Ravishanker v. Mphasis*
20   *Infrastructure Servs., Inc.,* No. 5:15-CV-02346-EJD, 2015 WL 6152779, at *2 (N.D.
21   Cal. Oct. 20, 2015), but also the Supreme Court has held that a form 10-K without
22   more is not enough to establish a corporation's nerve center. *Hertz, supra* at 97. Here,
23   the Robertson Declaration lacks foundation, omits necessary facts, is conclusory, and
24   is uncorroborated, and the Form 10-K is for a company other than Defendant and does
25   not establish Defendant's principal place of business. This evidence falls short. Also,
26   despite the fact that the burden of proving diversity jurisdiction is on the Defendant,
27   Defendant focused on challenging Plaintiff's ability to establish California as the
28   principal place of business instead of effectively establishing that Miami, Florida is

1 | VITAS Healthcare of California's principal place of business. Because the removal
2 | statute is strictly construed and any doubts must be resolved against exercising
3 | jurisdiction in removed cases, the uncertainty, lack of clarity, and doubt regarding the
4 | Defendant's principal place of business means the Court must remand the case to state
5 | court. In sum, Defendant has not met its burden of establishing complete diversity of
6 | citizenship between the parties and therefore has not established that this Court has
7 | diversity jurisdiction over this case. The motion for remand is therefore **GRANTED**.

The Court denies Plaintiff's request for attorneys' fees because the removal was not objectively unreasonable and there are no unusual circumstances that would otherwise warrant a fee award. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. The matter is remanded to Los Angeles County Superior Court.

Dated: August 27, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE